IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| **MICHAEL LOUIS DRAYTON,** ) | |
|     **Plaintiff,** ) | |
| ) | |
| **v.** ) | 1:22cv892 (CMH/WEF) |
| ) | |
| **MANUEL LEE,** ) | |
|     **Defendant.** ) | |

<u>ORDER</u>

This <u>pro se</u> prisoner civil rights action under 42 U.S.C. § 1983 filed by Virginia inmate Michael Louis Drayton is before the Court on Deputy Manuel Lee's motion for summary judgment [Dkt. No. 30], Drayton's response [Dkt. No. 38], and related memoranda, motions, and responses filed by Drayton and Deputy Lee [Dkt. Nos. 31, 39, 40, 41, 42, 43, 44]. After extensive pretrial proceedings, only one claim and one defendant remain in this action, namely, Drayton's contention that Deputy Lee used excessive force during an altercation on June 26, 2020, while Drayton was in pretrial detention in the Alexandria City Jail. <u>See</u> [Dkt. No. 27]. For the reasons stated below, the Court will deny Deputy Lee's motion for summary judgment and deny Drayton's related motions.

    Summary judgment is appropriate only where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Where the movant and non-movant proffer different versions of events, the Court must credit the non-movant's version, provided it is properly supported. <u>See</u> Fed. R. Civ. P. 56(c). In making this determination, "we may not credit the movant's contrary evidence, weigh the evidence, or resolve factual disputes in the movant's favor, even if a jury could well believe the evidence forecast by the movant." <u>Aleman v. City of Charlotte</u>, 80 F.4th 264, 297

(4th Cir. 2023). And, as the United States Court of Appeal for the Fourth Circuit has recently repeatedly re-emphasized, "so long as they are 'based on personal knowledge or firsthand experience'–'self-serving affidavits offered by the non-movant can be used as evidence to defeat summary judgment.'" Alexander v. Connor, 105 F.4th 174, 178 (4th Cir. 2024) (quoting Jones v. Solomon, 90 F.4th 198, 206-07 (4th Cir. 2024) (cleaned up)). The ultimate question is whether, based on the non-moving party's response to the motion for summary judgment and the reasonable inferences that may be drawn therefrom, "the evidence is such that a reasonable jury could return a verdict for the non-moving party," Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986), even if a jury after trial might ultimately decline to credit the non-movant's version of events.

Here, Drayton's response–made under oath and thus properly construed as a self-serving affidavit–alleged that:

- Drayton "voice[d] discomfort to Sgt. Mackey and to Deputy Lee" about "M. Lee's insistence in approaching [Drayton's] cell and "inform[ed] Sgt. Mackey" that he "wanted no confrontation with M. Lee." [Dkt. No. 38] at 1.

- Deputy Lee had "awareness regarding [Drayton's] unwanted confrontation/altercation request." Id.

- Ordinarily, a nurse delivering medication to inmates in their cells would be accompanied by only one deputy, but on January 26, 2020, Deputy Lee brought Deputy Laigo as well as Nurse Oku to Drayton's cell. Id. at 5.

- When Nurse Oku approached Drayton's cell with his medication, Drayton "held a folder with documents enclosed" when Deputy Lee unexpectedly "violently grabbed and slammed [him] onto the floor" as Deputy Laigo stood by. Id. at 3.

- After Deputy Lee "slammed [Drayton] onto the floor and then struck [him] immediately afterward," Drayton assumed "a defensive position toward [Deputy] Lee," and it was while Drayton was "lying on his back" that Deputy "Lee's scratches were received." Id. at 3-4.

- Although Drayton was charged with and prosecuted for assaulting Deputy Lee and others, he was acquitted after trial in March 2022. Id. at 2.

2

Drayton suggests that the following inferences about Deputy Lee's state of mind can be drawn from the foregoing version of events.  First, that Deputy Lee formed an "intent to assault" Drayton after he proffered his "unwanted confrontation/altercation request" and that Deputy Lee thereafter deliberately employed Nurse Oku as "cover" to approach Drayton's cell.  [Dkt. 38] at 1.  And second, that "the unnecessary arrangement in involving . . . additional staff (namely [Deputy] Laigo) [was] premeditated for [Deputy] Lee's own intended attack."  Id. at 4.  These inferences are not unreasonable, although it is possible that a jury may ultimately decline to credit them after weighing the credibility of conflicting testimony at trial.

It bears mention that Deputy Lee submitted as an exhibit to his summary judgment motion a video showing the January 26, 2020, altercation.  Dkt. 31-3.  However, that video neither "blatantly contradicts" Drayton's version of events, nor unequivocally supports Deputy's Lee's alternate version.  Scott v. Harris, 550 U.S. 372, 380 (2007); see also Witt v. W. Va. State Police, Troop 2, 633 F.3d 272, 277 (4th Cir. 2011) ("Rather, [the video] provides little assistance in resolving the parties' dispute").  Thus, at this stage, the Court must still credit Drayton's affidavit and the inferences that may reasonably be drawn therefrom.  See Alexander, 105 F.4th at 183 ("We reaffirm that a plaintiff's own affidavit based on personal knowledge must be credited for purposes of adjudicating a summary judgment motion – even affidavits that are uncorroborated, self-serving, or filed by pro se prisoners.").  Consequently, the Court finds and concludes that a reasonable jury could return a verdict in Drayton's favor on the excessive force claim, see generally Kingsley v. Hendrickson, 576 U.S. 389 (2015) (stating Fourteenth Amendment standard governing excessive force claims brought by pretrial detainees), so Deputy Lee's motion for summary judgment must be denied, see Fed. R. Civ. P. 56(a).

Drayton has filed several motions that seek (A) copies of his March 2022 trial transcript, (B) additional video footage preceding the January 26, 2020 altercation, and (C) summary judgment in his favor. [Dkt. Nos. 39, 40, 43, 44]. Because (A) Drayton can contact his attorney and the state court to obtain the March 2022 trial transcripts, (B) the video footage already provided to the Court appears to cover the entire relevant period from the time Nurse Oku and Deputies Lee and Laigo approached Drayton's cell until Drayton was removed from the cellblock (i.e., from immediately before the start of the altercation through its immediate aftermath), and (C) Drayton is no more entitled to summary judgment than Deputy Lee is (given that Deputy Lee's proffered version of events, if credited, conclusively refutes Drayton's excessive force claim), the Court will deny those motions. Accordingly, it is hereby

ORDERED that Deputy Lee's motion for summary judgment, Dkt. No. 30, be and hereby is DENIED; and it is further

ORDERED that Drayton's motions for, inter alia, trial transcripts and video footage, Dkt. Nos. 39, 40, 43, 44, be and hereby are DENIED WITHOUT PREJUDICE.

The Clerk is directed to send a copy of this Order to plaintiff pro se and counsel for defendant.

Entered this 27th day of September, 2024. Alexandria, Virginia

Claude M. Hilton
United States District Judge

4